# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: GOODMAN MANUFACTURING CO., L.P.,
HVAC PRODUCTS LIABILITY LITIGATION           MDL No. 2499

### ORDER DENYING TRANSFER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiff PB Property Management, Inc., moves to centralize this litigation in the Middle District of Florida. This litigation currently consists of three actions pending in the Central District of California and the Middle District of Florida, as listed on Schedule A.[1]

Defendants Goodman Manufacturing Co., L.P., Goodman Global, Inc., and Goodman Company, L.P. (collectively, Goodman) support the motion, as do the plaintiffs in the three recently-noticed related actions. Plaintiffs in the two later-filed actions on the motion, however, oppose centralization. Alternatively, should the Panel centralize this litigation, they support selection of the Central District of California as the transferee district.

On the basis of the papers filed and hearing session held, we conclude that Section 1407 centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. Although all of the actions share some factual issues regarding allegations that evaporator coils in Goodman's air conditioning products are defective and prone to coolant leakage, these are not particularly complex actions. Rather, these actions uniformly involve relatively simple warranty claims and straightforward discovery. They also involve distinctly separate and non-overlapping putative classes. Thus, there is no threat of conflicting class certification rulings.

Perhaps most importantly, even including the recently-noticed actions, there are only six related actions, two of which involve the same plaintiffs' counsel. Given the limited number of actions and counsel, alternatives to transfer exist that can minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g.*, *In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004). Counsel for plaintiffs in the Central District of California action and one of the Middle District of

---

[*] Judge Marjorie O. Rendell took no part in the decision of this matter.

[1] The parties have notified the Panel of three additional related actions pending in the Northern District of Alabama, the District of Arizona, and the District of South Carolina.

-2-

Florida actions has already initiated communications with the other parties to coordinate with respect to discovery and pretrial orders. We encourage all the parties in this litigation to engage in such efforts.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Paul J. Barbadoro        Charles R. Breyer
Lewis A. Kaplan          Sarah S. Vance
Ellen Segal Huvelle

IN RE: GOODMAN MANUFACTURING CO., L.P., 
HVAC PRODUCTS LIABILITY LITIGATION    MDL No. 2499

## SCHEDULE A

<u>Central District of California</u>

Anne McVicar, et al. v. Goodman Manufacturing Company, L.P., et al.,
    C.A. No. 8:13-01223

<u>Middle District of Florida</u>

PB Property Management, Inc. v. Goodman Manufacturing Company, L.P., et al.,
    C.A. No. 3:12-01366
Janet Helm v. Goodman Global, Inc., et al., C.A. No. 8:13-01213